UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TROY FOSTER, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: 2:19-cv-2358 |
| Plaintiff, | ) ) | JUDGE SARAH D. MORRISON |
| vs. | ) ) | MAGISTRATE JUDGE JOLSON |
| RESIDENTIAL PROGRAMS INC., *et. al.*, | ) ) ) | **ANSWER** |
| Defendants. | ) ) | |

Defendants, Residential Programs, Inc., (the "Company"), Robert Bayer ("Bayer"), Lee Ostrowky ("Ostrowsky") and Dan Lass ("Lass")(collectively, "Defendants"), by and through their attorneys, Kluger Healey, LLC, by way of Answer to the Complaint, state and allege as follows:

## AS TO THE INTRODUCTION

1.      The allegations set forth in Paragraph 1 of the Complaint require a legal conclusion to which no response is required.

## AS TO JURISDICTION AND VENUE

2.      The allegations set forth in Paragraph 2 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.      The allegations set forth in Paragraph 3 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint.

## AS TO THE PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations set forth in Paragraph 12 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. The allegations set forth in Paragraph 13 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. The allegations set forth in Paragraph 14 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. The allegations set forth in Paragraph 15 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. The allegations set forth in Paragraph 16 of the Complaint require a legal conclusion to which no response is required.

## AS TO THE FACTUAL ALLEGATIONS

17. Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

23. The allegations set forth in Paragraph 23 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

## AS TO THE COLLECTIVE ALLEGATIONS

45.     The allegations set forth in Paragraph 45 of the Complaint require a legal conclusion to which no response is required.

46.     The allegations set forth in Paragraph 46 of the Complaint require a legal conclusion to which no response is required.

47.     The allegations set forth in Paragraph 47 of the Complaint require a legal conclusion to which no response is required.

48.     The allegations set forth in Paragraph 48 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint.

49.     The allegations set forth in Paragraph 49 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint.

## AS TO THE CLASS ALLEGATIONS

50.     The allegations set forth in Paragraph 50 of the Complaint require a legal conclusion to which no response is required.

51.     The allegations set forth in Paragraph 51 of the Complaint require a legal conclusion to which no response is required.

52.     The allegations set forth in Paragraph 52 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     The allegations set forth in Paragraph 53 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint.

54.     The allegations set forth in Paragraph 54 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Complaint.

55.     The allegations set forth in Paragraph 55 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint.

56.     The allegations set forth in Paragraph 56 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint.

## AS TO COUNT ONE

57.     Defendants repeat their answers to Paragraphs 1 through 56 as if fully set forth herein as their answer to Paragraph 57 of the Complaint.

58.     The allegations set forth in Paragraph 58 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. The allegations set forth in Paragraph 59 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. The allegations set forth in Paragraph 60 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. The allegations set forth in Paragraph 61 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

## AS TO COUNT TWO

64. Defendants repeat their answers to Paragraphs 1 through 63 as if fully set forth herein as its answer to Paragraph 64 of the Complaint.

65. The allegations set forth in Paragraph 65 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. The allegations set forth in Paragraph 66 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. The allegations set forth in Paragraph 67 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. The allegations set forth in Paragraph 68 of the Complaint require a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendants respectfully request that Plaintiff be denied the judgment and relief he seeks in his Prayer For Relief of the Complaint, and that judgment be entered in favor of Defendants, together with costs and attorneys' fees.

## SEPARATE / AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any issue on which Plaintiff bears the burden of proof, Defendants state the following separate defenses:

### First Defense

The Complaint is barred, in whole or in part, by the applicable Statute of Limitations.

### Second Defense

The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted or for which relief or recovery can be awarded.

### Third Defense

The Complaint is barred, in whole or in part, by the equitable doctrine of laches.

### Fourth Defense

Plaintiff's claims are barred as to all hours during which he was waiting to be engaged or otherwise not working.

### Fifth Defense

If it is determined that Plaintiff was not paid properly, Defendants are entitled to a setoff.

### Sixth Defense

Defendants has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not a violation of the Fair Labor Standards Act ("FLSA") and/or Ohio Minimum Fair Wage Standards Act ("OMFWSA") or the Ohio Constitution.

### Seventh Defense

Plaintiff's claims are barred to the extent that he failed to mitigate his damages (if any) or otherwise avoid harm.

### Eighth Defense

Plaintiff's claims are barred because the activities for which he demands compensation are not work under FLSA, 29 U.S.C. §206.

### Ninth Defense

Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendants.

### Tenth Defense

Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

### Eleventh Defense

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

### Twelfth Defense

If it is determined that Plaintiff was not paid properly, none of Defendants' alleged actions or omissions constitute a willful violation of the FLSA and/or OMFWSA or the Ohio Constitution.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by exclusions, exceptions, credits, or offsets permissible under the FLSA and/or OMFWSA or the Ohio Constitution.

## Fourteenth Defense

Plaintiff's claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or applicable OMFWSA or the Ohio Constitution.

## Fifteenth Defense

The Complaint should be barred, in whole or in part, by the equitable doctrines of estoppel and/or waiver.

## Sixteenth Defense

The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §§258(a) and 259(a), because Defendants have, in good faith, acted in conformity with, and in reliance upon, written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

## Seventeenth Defense

Plaintiff cannot establish that any acts or omissions of Defendants were willful under the FLSA and/or OMFWSA or the Ohio Constitution.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, because some of the activities for which he demands compensation are *de minimus* under the FLSA and/or OMFWSA or the Ohio Constitution, and the regulations thereunder.

## Nineteenth Defense

Plaintiff's claims are barred because the activities for which he demands compensation constitute activities which are "preliminary" or "postliminary" to his principal activity or activities under the Portal-to-Portal Act, 29 U.S.C. §254(a)(2).

## Twentieth Defense

Plaintiff's claims are barred because the activities for which he demands compensation are not work under FLSA, 29 U.S.C. §206.

## Twenty-First Defense

Plaintiff's claims are barred, in whole or in part, because the activities for which he demands compensation constitute riding or traveling to or from their principal activities under the Portal-to-Portal Act, 29 U.S.C. §254(a)(2), which incorporates The Employee Commuting Flexibility Act of 1996.

## Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, because the activities for which he demands compensation constitute commuting, using Defendants' vehicle or activities incidental thereto within the meaning of the Portal-to-Portal Act, 29 U.S.C. §254(a)(2), which incorporates The Employee Commuting Flexibility Act of 1996.

## Twenty-Third Defense

The Court lacks or should decline supplemental jurisdiction over Plaintiff's state law claims.

## Twenty-Fourth Defense

Plaintiff is not an adequate representative of the putative class members and, as such, should not be part of any action under the FLSA.

**Twenty-Fifth Defense**

Plaintiff is not similarly situated to the putative class members and, as such, should not be part of any action under FLSA Section 216(b).

**Twenty-Sixth Defense**

Plaintiff has filed claims against Defendants that are not well-grounded in fact or law and, therefore, has been filed in bad faith. Defendants will seek any and all available remedies against Plaintiffs pursuant to FRCP 11.

Defendants reserve the right to assert any and all other separate and/or affirmative defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, Defendants demand judgment as follows:

  (a)  for dismissal of the Complaint with prejudice:

  (b)  for reasonable attorneys' fees and costs: and

  (c)  for such further relief as the Court may deem just and equitable.

*s/ Bartholomew T. Freeze*
Bartholomew T. Freeze (0086980)
Freund, Freeze & Arnold, PA
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, OH 43215-4247
Phone: 614-827-7300
Facsimile: 674-827-6567
bfreeze@ffalaw.com
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was served this 20th day of February, 2020, via Court's electronic filing system upon the following:

Michael L. Fradin (0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL  60076
mike@fradinlaw.com
847-986-5889 / F: 847-673-1228
       - and -
Anthony J. Lazzaro (0077962)
Lori Griffin (0085241)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, OH  44113
216-696-5000 / F: 216-696-7005
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
chasity@lazzarolawfirm.com
*Counsel for Plaintiff*

*/s/ Bartholomew T. Freeze*
Bartholomew T. Freeze (0086980)