## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio (the "District Court"), Eastern Division, Plaintiff Troy Foster, individually and on behalf of all Plaintiffs, and Defendants Residential Programs, Inc., Robert Bayer, Lee Ostrowsky, and Dan Lass (collectively "Defendants" or "RPI") agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Eastern Division entitled *Troy Foster v. Residential Programs, Inc., et al.*, Case No. 2:19-cv-02358.

2. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC and Michael L Fradin of Fradin Law.

3. "Representative Plaintiff" shall mean Troy Foster.

4. "Plaintiffs" shall include Representative Plaintiff and the 81 Opt-In Party Plaintiffs listed in Appendix 1.

5. "Defendants" shall mean Residential Programs, Inc., Robert Bayer, Lee Ostrowsky, and Dan Lass and all of their former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, related and affiliated entities, assignees, and heirs.

6. "Parties" shall mean Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

7. "Released Period" for Representative Plaintiff shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement, and for the other Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the Action through and including the date on which the Court gives approval of the Settlement.

8. "Final" shall mean the date the District Court has approved the Settlement.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10. On June 4, 2019, Plaintiff commenced this Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

11. In the Action, Plaintiff alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek. Specifically, Plaintiff alleges that he and other similarly-situated employees were not paid for work performed before clocking in and after clocking out each day, work performed between fundraising campaigns, and attending mandatory meetings.

12. Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendants deny these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs and Opt-In Plaintiffs were entitled to their claimed overtime compensation under the FLSA, whether Plaintiffs performed any work before or after the scheduled start and stop times and/or between fundraising campaigns, whether the two-year or three-year statute of limitations applies, and whether Defendants acted willful.

13. The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, which occurred during the period between January 30, 2020 and June 25, 2020. On June 25, 2020, with the assistance of Mediator John D. Abrams, the Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

14. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendants, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Defendants' defenses. *See* Exhibit 2.

15. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiffs' claims in the Action have merit or that Defendants have any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

16. **Total Settlement Amount**: Defendants will pay in connection with the Settlement a Total Settlement Amount of One Hundred Five Thousand Dollars ($105,000.00), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Representative Plaintiff's Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

17. **Payments to Plaintiffs**: Forty-Seven Thousand One Hundred Eighty Dollars and Eight Cents ($47,180.08) of the Total Settlement Amount will be paid to Plaintiffs in the amounts provided in Appendix 1 (collectively the "Individual Payments").

18. **Calculation of Individual Payments**: The Individual Payments, after deduction of Plaintiffs' Counsel's attorneys' fees and expenses and the Class Representative Payment from

2

the Total Settlement Amount, have been calculated by Plaintiffs' Counsel and are based proportionally on each Plaintiffs' alleged overtime damages during the Released Period. Any Plaintiff owed less than $200 will receive a minimum payment of $200.

19. **Treatment of Plaintiffs' Settlement Payments:** One half of the Individual Payments to Plaintiffs will be treated as payment for wages and the other half as payment for liquidated damages. Defendants will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc., in Box 3, to each Plaintiff for the amount paid as liquidated damages under this Settlement. Defendants will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendants are responsible for payment of the employer's share of payroll taxes as required by law. Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement.

20. **Class Representative Payment:** Thirty-Five Hundred Dollars ($3,500.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Troy Foster as a Representative Payment for his service in this litigation. Defendants will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to his Class Representative Payment. Representative Plaintiff will be responsible for all taxes owed with respect to his Representative Payment.

21. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Fifty-Four Thousand Three Hundred Nineteen Dollars and Ninety-Two Cents of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($50,000.00 in fees and $4,319.92 in expenses) incurred in the Action. Of this total amount, $33,919.92 will be paid to The Lazzaro Law Firm, LLC and $20,400.00 will be paid to Fradin Law. Defendants will issue to each of Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses in the amount paid to each firm.

## RELEASE OF CLAIMS

22. **Released Claims:** Plaintiffs will release Defendants from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act ("FLSA") and corresponding state wage and hour statutes as alleged in the Complaint, for the Released Period.

23. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

24. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

25. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

26. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

27. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion for Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

28. **Dismissal with Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

29. **Distribution Process:** Defendants will issue the Total Settlement Amount in seven (7) installment payments and mail them via First-Class Mail. The first installment in the amount of $50,000.00 will occur within fourteen (14) calendar days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice. Installments two (2) through six (6) will be in the amount of $10,000 each month and will occur no later than 30 days from the previous installment, with the second installment occurring no later than thirty days after the first installment. The seventh installment will be in the amount of $5,000 and will occur no later than 30 days after the sixth installment. Defendants will issue separate checks to each Plaintiff and Plaintiffs' Counsel pursuant to the payment schedule provided. Any checks that become lost or void during the six (6) month period after each distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.

## PARTIES' AUTHORITY

30. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

31. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this

4

Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

32. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

33. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability.

## NO ADMISSION OF CLASS LIABILITY

34. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees or temporary associates exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

35. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

36. If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## MODIFICATION

37. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

38. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

39. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

40. This Settlement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

41. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

42. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## GOVERNING LAW

43. This Agreement shall be interpreted in accordance with Ohio law.

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

44. Representative Plaintiff executes this Settlement on behalf of himself and in his representative capacity on behalf of the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendants. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: Oct 30, 2020

TROY FOSTER

_Troy Foster (Oct 30, 2020 12:05 EDT)_

Representative Plaintiff, Individually
and on Behalf of all Plaintiffs


Dated: _____

RESIDENTIAL PROGRAMS, INC.

By: _____

Its: _____


Dated: _____

ROBERT BAYER

_____


Dated: _____

LEE OSTROWSKY

_____


Dated: _____

DAN LASS

_____

7

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

44. Representative Plaintiff executes this Settlement on behalf of himself and in his representative capacity on behalf of the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendants. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____        TROY FOSTER

                              _____
                              Representative Plaintiff, Individually
                              and on Behalf of all Plaintiffs

Dated: _____        RESIDENTIAL PROGRAMS, INC.

                              By: _____
                              Its: _____

Dated: _____        ROBERT BAYER

                              _____

Dated: _____        LEE OSTROWSKY

                              _____

Dated: _____        DAN LASS

                              _____

7

# REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

44. Representative Plaintiff executes this Settlement on behalf of himself and in his representative capacity on behalf of the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendants. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____   TROY FOSTER

_____
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: _____   RESIDENTIAL PROGRAMS, INC.

By: _____

Its: _____

Dated: 11/13/2020   ROBERT BAYER

_____

Dated: _____   LEE OSTROWSKY

_____

Dated: _____   DAN LASS

_____

7

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

44. Representative Plaintiff executes this Settlement on behalf of himself and in his representative capacity on behalf of the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendants. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

### EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____    TROY FOSTER

_____
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: _____    RESIDENTIAL PROGRAMS, INC.

By: _____

Its: _____

Dated: _____    ROBERT BAYER

_____

Dated: _____    LEE OSTROWSKY

_____

Dated: 11/06/2020    DAN LASS

_____
/s/ Dan Lass

7

Dated: 10-30-20    CHASTITY L. CHRISTY
                    THE LAZZARO LAW FIRM, LLC

                    By: _____
                    Attorney for Plaintiffs

Dated: _____    PHILLIP G. RAY
                         KLUGER HEALEY, LLC

                         By: _____
                         Attorney for Defendants

8

Dated: _____       CHASTITY L. CHRISTY
                             THE LAZZARO LAW FIRM, LLC


                             By: _____
                             Attorney for Plaintiffs

Dated: __11-13-2020__        PHILLIP G. RAY
                             KLUGER HEALEY, LLC

                             By: _____
                             Attorney for Defendants

8

*Foster v. Residential Programs, Inc.*
**Appendix 1**

| Name | Indv. Payment |
|---|---|
| Adams, Kayla | $200.00 |
| Angel, Angela | $388.31 |
| Angel, Jenna | $200.00 |
| Barker, Elizabeth | $200.00 |
| Bergstein, William | $200.00 |
| Bishop, Dakota | $200.00 |
| Bond, Letrick | $200.00 |
| Bowles, Terry | $4,456.49 |
| Brown, Christopher | $200.00 |
| Bryson, Kira | $200.00 |
| Burkhart, Samantha | $386.30 |
| Burns, James | $295.06 |
| Caldwell, Timothy | $200.00 |
| Cannon, Donovan | $412.60 |
| Collins, Bryan P. | $200.00 |
| Cooper, Robert | $200.00 |
| Copeland, Shameika | $200.00 |
| Curtis, Hope Ann | $200.00 |
| Czigans, Marinda | $200.00 |
| Dennison, Kenneth | $200.00 |
| Digirolomo, John | $11,242.59 |
| Dotson, Wendy | $200.00 |
| Ethridge, Robert | $200.00 |
| Farmer, Cindi | $1,957.95 |
| Ferguson, Ronald | $200.00 |
| Foster, Troy | $200.00 |
| Freeman, Ashely | $200.00 |
| Friedline, David | $200.00 |
| Gifford, Kimberly | $200.00 |
| Goins, Mary Beth | $200.00 |
| Greenlee, Jessica | $200.00 |
| Gurnicke, Tonya | $200.00 |
| Haning, Tabitha | $200.00 |
| Hatfield, Chad | $200.00 |
| Hayes, Nicholas | $317.79 |
| Hayman, Lucinda | $200.00 |
| Hensley, Tammy | $200.00 |
| Herman, Mian | $200.00 |
| Holley, Daisey | $200.00 |
| Howery, Hannah | $200.00 |
| Hughes, Jason | $200.00 |
| Johnson, Anthony | $9,140.73 |

*Foster v. Residential Programs, Inc.*

**Appendix 1**

| Name | Indv. Payment |
|---|---|
| Johnson, Marion | $301.10 |
| Jordan, Daisey | $279.46 |
| Kirsche, Randall | $200.00 |
| Kiser, Tyler | $200.00 |
| Lutz, Tonnie | $262.52 |
| Malone, Marcus | $200.00 |
| Mcconiha, Amber | $200.00 |
| Mcgill, Nathan | $364.39 |
| Miracle, Talashia | $200.00 |
| Mock, Brooke | $200.00 |
| Navarro, Leah | $728.87 |
| Newell, Ryan | $200.00 |
| Parker, Joyce | $200.00 |
| Pavel, Dragos | $938.52 |
| Peck, Cameron | $200.00 |
| Powell, Corah | $241.74 |
| Ratliff, James | $363.39 |
| Raver, Steven | $257.71 |
| Reedy, Rhonda | $200.00 |
| Royce, Cyndi | $200.00 |
| Rucker, William | $200.00 |
| Rutter, Diana | $200.00 |
| Sims, Amanda | $325.01 |
| Smathers, Alison | $244.34 |
| Smith, Charles | $200.00 |
| Stadler, David | $200.00 |
| Still, Theresa | $434.17 |
| Terrell, Dale | $366.32 |
| Thaxton, Laura (Norman) | $200.00 |
| Tolliver, Bryan | $200.00 |
| Wamsley, Granvel | $200.00 |
| Wamsley, Tiara | $200.00 |
| Wells, Brandon | $382.84 |
| White II., David | $364.99 |
| Wickham, Taylor | $200.00 |
| Wilson, Chad | $1,156.89 |
| Wilson, Courtney | $200.00 |
| Wilson, Hope | $200.00 |
| Witham, Stephanie | $200.00 |
| Wright, Van | $369.98 |