UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TROY FOSTER, on behalf of himself and all others similarly situated, | ) CASE NO.: 2:19-cv-2358 ) |
| Plaintiff, | ) JUDGE SARAH D. MORRISON ) |
| vs. | ) MAGISTRATE JUDGE JOLSON ) ) |
| RESIDENTIAL PROGRAMS INC., *et. al.*, | ) **ORDER OF DISMISSAL AND** ) **APPROVING SETTLEMENT** |
| Defendants. | ) |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1.    On June 4, 2019, Representative Plaintiff Troy Foster filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendants unlawfully failed to pay its hourly, non-exempt employees, including Plaintiff, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  (Doc. No. 1.).  Specifically, Plaintiff alleges that he and other similarly-situated employees were not paid for work performed before clocking in and after clocking out each day, work performed between fundraising campaigns, and attending

mandatory meetings.  (*Id.*)

2. Defendants answered the Complaint and denied any wrongdoing of any kind or violations of any laws.

3. On February 21, 2020, the Parties filed their Joint Stipulation to Conditional Certification and proposed Notice, in which the Parties stipulated to the following class:

> All former and current telephone sales representatives or persons with jobs performing substantially identical functions and/or duties to telephone sales representatives employed by Residential Programs, Inc. at any time between June 1, 2016 and the present.  (Doc. 43.)

4. The Parties Joint Stipulation to Conditional Certification and Notice were approved by the Court on February 21, 2020. (Doc. 44.)

5. The Notice to Potential Class Members was issued on March 13, 2020 and the Opt-In Period closed on April 13, 2020.

6. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendants' defenses.

7. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims.  This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

8. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

9. Between May 2019 and May 2020, the Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications.  Between January 30, 2020 and June 25, 2020, the Parties engaged in extensive

settlement negotiations.

10. On June 25, 2020, the Parties attended a full day of mediation with mediator James D. Abrams, during which the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1.

11. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

12. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendants claim it did not act willful and has a good faith defense.

13. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on June 25, 2020 on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

14. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

15. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

16. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement.  All pending deadlines are stricken as moot.  The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this \_\_\_\_\_ day of _____, 2020.

_____
HONORABLE JUDGE SARAH D. MORRISON