UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TROY FOSTER,**

    **Plaintiff,**        :

v.                          **Case No. 2:19-cv-2358**
                              **Judge Sarah D. Morrison**
                              **Magistrate Judge Kimberly A.**
**RESIDENTIAL PROGRAMS,**      **Jolson**
**INC.,** *et al.***,**                :

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration on the parties' Amended Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and its supporting documents. (Am. Jt. Mot. to Approve, EFC No. 77.) For the reasons set forth below, the Amended Joint Motion is **GRANTED**.

**I.    BACKGROUND**

On June 4, 2019, Representative Plaintiff Troy Foster filed this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and alleged that Defendants unlawfully failed to pay its hourly, non-exempt employees, including Mr. Foster, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the FLSA, as well as a Rule 23 class action to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03. (ECF No. 1.) Mr. Foster alleges that he

and other similarly situated employees were not paid for work performed before clocking-in and after clocking-out each day, work performed between fundraising campaigns, and attendance at mandatory meetings. (*Id.*) Defendants deny the allegations. (ECF No. 42.)

On February 21, 2020, the parties filed a Joint Stipulation to Conditional Certification and Notice, in which the parties stipulated to the following class:

> All former and current telephone sales representatives or persons with jobs performing substantially identical functions and/or duties to telephone sales representatives employed by Residential Programs, Inc. at any time between June 1, 2016 and the present.

(ECF No. 43.) This Court approved the Joint Stipulation. (ECF No. 44.) The Notice to Potential Class Members was issued on March 13, 2020, and the opt-in period closed on April 13, 2020. (ECF No. 43, ¶¶ 3–4.)

The parties previously filed a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. (ECF No. 74.) However, this Court denied the Motion because it was unable to determine the reasonableness of the proposed award of attorneys' fees and costs. (ECF No. 75.)

The Court now considers the parties' Amended Joint Motion for Approval, which represents that the Proposed Settlement (Proposed Settlement, ECF No. 77-1) results from the following efforts:

- Substantial investigation and informal discovery, and exchange of relevant information and discovery (Christy Decl., ¶ 21, ECF No. 77-2);
- Comprehensive exchange of information, including a complete analysis and calculations of alleged damages (*Id.*, ¶¶ 22, 24);

- Extensive legal discussion between counsel for the parties between May 2019, and May 2020 (*Id.*, ¶ 25);

- Extensive settlement negotiations between January 30, 2020, and June 25, 2020 (*Id.*, ¶ 26); and

- A full day of mediation on June 25, 2020, during which the parties reached an agreement to settle the action (*Id.*, ¶ 27.)

The Proposed Settlement applies to Mr. Foster and the 81 opt-in Plaintiffs. (Proposed Settlement, ¶ 4.) Pursuant to the Proposed Settlement, Defendants will pay a total of $105,000.00 to cover (a) all individual damages payments ("Individual Payments") to Plaintiffs, (b) Mr. Foster's fee for serving as Representative Plaintiff, and (c) Plaintiffs' counsel's fees and expenses incurred in litigating the action. (*Id.*, ¶ 16.) The Individual Payments, totaling $47,180.08, "were calculated proportionally on each Plaintiff's alleged overtime damages during the" covered period, with each Plaintiff receiving at least $200. (Am. Jt. Mot. to Approve, 4; Proposed Settlement, ¶ 18.) The parties represent that the Individual Payments will provide "each Plaintiff . . . approximately 111.52%" of their alleged lost overtime compensation. (Christy Decl., ¶ 35.) For serving as Representative Plaintiff, and as consideration for executing a general release of claims, Mr. Foster will receive an additional $3,500 payment. (Am. Proposed Settlement, ¶ 20.) Finally, the Proposed Settlement awards $50,000 in attorneys' fees and $4,319.92 in costs to Plaintiffs' counsel. (*Id.,* ¶ 21.) Through the Proposed Settlement, the parties

3

further request that this Court retain jurisdiction to enforce the terms of the settlement. (*Id.*, ¶ 42.)

In contrast to their initial Motion for Approval, the parties now present evidence to support the reasonableness of the attorneys' fees awarded by the Proposed Settlement. First, the parties present comparative data about class settlements, indicating that class members receive, on average, only 7–11% of claimed damages. (Am. Jt. Mot. to Approve, 8.) Second, the parties reference a recent case in which this Court approved an attorneys' fee award for current counsel at similar rates. (Am. Jt. Mot. to Approve, 8–9 (citing *Rosenbohm et al. v. Cellco Partnership, d/b/a Verizon Wireless*, No. 2:17-cv-00731 (S.D. Ohio Sept. 8, 2020) (Marbley, J.)).) And third, the parties provide multiple sworn declarations to support the reasonableness of counsel's professed hourly rates and hours worked in this matter. (Nilges Decl., ECF No. 77-6; Potash Decl., ECF No. 77-7; Simon Decl., ECF No. 77-9.)

## II. STANDARD OF REVIEW

"The FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citation omitted). A statutory exception exists for collective actions brought under 29 U.S.C. § 216(b), which "cannot be settled without court approval." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). When reviewing a settlement of FLSA claims, the district court must "ensure that the parties are

4

not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Sharier v. Top of the Viaduct, LLC*, No. 5:16-cv-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (citations and quotations omitted).

"A district court should approve [an FLSA] collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties." *Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *1 (N.D. Ohio May 4, 2018) (alteration in original) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)). Courts within the Sixth Circuit look to the following factors to determine whether a settlement is fair and reasonable:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); s*ee also Crawford*, 2008 WL 4724499, at *3 (applying same factors to FLSA collective action settlement, explaining that "[t]he need for the court to ensure that any settlement of [an FLSA] collective action treats the plaintiffs fairly is similar to the need for a court to determine that any [Rule 23] class-action settlement is 'fair, reasonable, and adequate.'"). "'The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.'" *Crawford*, 2008 WL 4724499, at *3 (quoting *Redington v.*

5

*Goodyear Tire & Rubber Co.*, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008)). If a settlement agreement proposes an award of attorney's fees, such fees must also be reasonable. *See* 29 U.S.C. § 216(b); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

## III. ANALYSIS

The Proposed Settlement is a fair and reasonable resolution of a bona fide legal dispute among the parties. As explained in more detail below, the Court approves the Proposed Settlement based on the following findings: First, Plaintiffs and Defendants are engaged in a bona fide dispute. Second, analysis of the seven factors shows that the Proposed Settlement is fair and reasonable. Third, the proposed award of attorneys' fees is reasonable under the lodestar analysis and furthers the objectives of the FLSA. And finally, the award of costs and the Representative Plaintiff's fee are appropriate.

### A. A bona fide dispute exists between the parties.

The existence of a bona fide dispute guarantees that neither party has manipulated the settlement process to permit the employer to avoid its obligations. *See Sharier*, 2017 WL 961029, at *2 (citing *Crawford*, 2008 WL 4724499, at *3). The parties maintain that a bona fide dispute exists. The Court agrees. Plaintiffs allege, and Defendants deny, that Mr. Foster and other similarly situated employees were required by Defendants to perform unpaid work before and after their shift each day, in violation of FLSA § 207. (ECF No. 1, ¶ 25.) The parties therefore dispute whether Plaintiffs were properly compensated under the law and whether they are entitled to their claimed overtime compensation. (*See* Christy Decl., ¶ 28.) The

6

parties also dispute whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages, as Defendants maintain they did not act willfully and assert a good faith defense. (*See id.*, ¶ 29.)

**B. The Proposed Settlement is fair and reasonable.**

"Judicial review of a collective action settlement must be exacting and thorough." *Crawford*, 2008 WL 4724499, at *3. Following its own thorough review, the Court finds that the seven factors weigh in favor of approving the Proposed Settlement.

1. The Risk of Fraud or Collusion

The first factor—risk of fraud or collusion—weighs in favor of approving the Proposed Settlement. "In the absence of evidence to the contrary, the court may presume that no fraud occurred and there was no collusion between counsel." *Crawford*, 2008 WL 4724499, at *6 (citing *Gen. Motors,* 497 F.3d at 628). Here, there exists no evidence of fraud nor collusion, so the Court presumes no such misconduct occurred. Further, the Proposed Settlement was the result of investigation and arm's-length negotiations. (*See* Fradin Decl., ¶ 19, ECF No. 77-8.)

2. The Complexity, Expense, and Likely Duration of the Litigation

The complexity, expense, and likely duration of this litigation also weigh in favor of approving the Proposed Settlement. Wage-and-hour collective action cases are, "by their very nature, complicated and time-consuming." *Swigart v. Fifth Third Bank,* No. 1:11-cv-88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (Black, J.)

7

(citation omitted). This case is a hybrid action with more than 80 opt-in plaintiffs, and in which Defendants assert 26 defenses in their answer. (*See* ECF No. 42, 8–12.) Further, it has been pending for more than 18 months. (*See* ECF No. 1.)

        3.      <u>The Amount of Discovery Engaged in by the Parties</u>

While little formal discovery has taken place, the extent of communications between Plaintiffs and Defendants weighs in favor of approving the Proposed Settlement. The level of correspondence and negotiation between the parties indicates the parties were adequately informed as to their potential claims and liability. *See Crawford*, 2008 WL 4724499, at *7. Across the length of this action, the parties have exchanged relevant information, including time and pay data and calculations of alleged overtime damages. (Christy Decl., ¶ 24.) Further, the parties engaged in settlement negotiations and participated in a day-long mediation before reaching an agreement to settle the action. (*Id.*, ¶¶ 27–28.)

        4.      <u>The Likelihood of Success on the Merits</u>

The fourth factor—likelihood of success on the merits—has a neutral bearing on approval of the Proposed Settlement. Considering that limited formal discovery has taken place, this Court cannot determine the likelihood of Plaintiffs' success on the merits. However, the outcome of litigation is always uncertain, and both sides bear some risk throughout continued litigation. *See, e.g., Henry v. Quicken Loans, Inc.*, 698 F.3d 897, 898 (6th Cir. 2012) (affirming a jury verdict that mortgage bankers were exempt from the overtime requirements of the FLSA after eight years of litigation). If a settlement is not reached, Plaintiffs' counsel would litigate the

case without any promise of compensation. (*See* Christy Decl., ¶ 40.) Further, the Proposed Settlement affords Plaintiffs a certain recovery, as opposed to the uncertainty that trial would bring.

> 5. The Opinions of Counsel and Representative Plaintiff

The opinions of counsel and the Representative Plaintiff weigh in favor of approving the Proposed Settlement. Plaintiffs' counsel and Mr. Foster have both opined that the Proposed Settlement is in the best interest of the Plaintiffs. (Christy Decl., ¶ 31. *See also* Proposed Settlement, ¶ 26.)

> 6. The Reaction of Class Members

The Court has not received objections from any of the opt-in Plaintiffs. This factor, accordingly, weighs in favor of approval.

> 7. The Public Interest

Finally, consideration of the public interest weighs in favor of approving the settlement. If a settlement agreement reflects a reasonable compromise over the issues, a court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. The aforementioned factors demonstrate that the Proposed Settlement is a reasonable compromise over the issues at hand.

### C. The Proposed Settlement's award of attorneys' fees is reasonable.

The Proposed Settlement includes an award of $50,000 in fees for Plaintiffs' counsel. The FLSA specifically provides, for prevailing plaintiffs in a collective action, "a reasonable attorney's fee to be paid by the defendant . . . ." 29 U.S.C.

9

§ 216(b). While awarding attorneys' fees to a prevailing plaintiff is mandatory under § 216(b), the award amount falls within the judge's discretion. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "The primary concern in an attorney fee case is that the fee awarded be reasonable." *Reed*, 179 F.3d at 471.

"A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Reed*, 179 F.3d at 471 (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)) (internal quotation marks, alterations, and citations omitted). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Courts use the prevailing market rate, "defined as the rate that lawyers of comparable skill and experience reasonably expect to command within the venue of the court record," as a guideline to arrive a reasonable hourly rate. *Id.* at 618 (citations omitted). A reasonable attorneys' fee should further the objectives of the FLSA and encourage future employer adherence to the FLSA. *See Fegley*, 19 F.3d at 1134–35. The party seeking attorneys' fees bears the burden of demonstrating the reasonableness of the hours billed and the hourly rates applied. *Gonter*, 510 F.3d at 617 (citing *Reed*, 179 F.3d at 472); s*ee also Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 F. App'x 496, 498 (6th Cir. 2011).

Here, the $50,000 proposed award is less than Plaintiffs' counsel's lodestar. Attorney Michael L. Fradin claims 41.5 hours at $500 per hour; Attorney Anthony

J. Lazzaro, 14.5 hours at $450 per hour; Attorney Chastity L. Christy, 53.75 hours at $450 per hour; and Attorney Lori M. Griffin, 61 hours at $350 per hour. (Fradin Decl., ¶ 10; Christy Decl., ¶ 43.) The resulting sum is $72,812.50—which is nearly 150% of the $50,000.00 award set out in the Proposed Settlement.

Plaintiffs' counsel submit multiple declarations supporting their position that the services rendered were reasonable and necessary for the type of work at hand (*see* Nilges Decl., ¶ 20; Simon Decl., ¶ 10), that the hourly rates fairly reflect the prevailing market rate for lawyers with similar experience (*see* Nilges Decl., ¶ 21), and that the proposed award is consistent with and promotes the policy and purposes of the FLSA (*see* Potash Decl., ¶ 15.) Counsel further notes that this Court found their quoted rates to be reasonable in a recent case. (Am. Jt. Mot. to Approve, 8–9 (citing *Rosenbohm*, No. 2:17-cv-00731 (S.D. Ohio Sept. 8, 2020) (Marbley, J.)).) Finally, counsel emphasizes that the amounts awarded to Plaintiffs under the Proposed Settlement, as a percent of claimed unpaid overtime, is significantly higher than the average expected recovery for class members. (*Id.*, 8.)

Plaintiffs' counsel have satisfied their burden of proving the reasonableness of the Proposed Settlement's award of attorneys' fees; this Court finds the award to be reasonable.

### D. The Proposed Settlement's award of litigation costs and the Representative Plaintiff's service payment are reasonable.

Reimbursement of costs that are reasonable and necessary to the litigation and resolution of a case warrant approval by this Court. *See Swigart*, 2014 WL 3447947, at *7. Here, Plaintiffs' counsel requests $4,319.92 in expenses incurred in

11

issuance and administration of the Notice. (Christy Decl., ¶ 48.) The expenses include a filing fee, postage, service, notice mailing, expenses incurred in searching for class members, and client letters. (ECF No. 77-4.) These costs were reasonable and necessary in connection with resolving this case.

Further, compensation to a named plaintiff is justified when the named plaintiff expends time and effort beyond that of the other class members in assisting class counsel with the litigation, or where the named plaintiff faced the risk of retaliation as a result of their participation as class representative. *Kritzer*, 2012 WL 1945144, at *8. Under the Proposed Settlement, Mr. Foster will receive an additional $3,500 payment, in part to compensate him for his service as the Representative Plaintiff. (Am. Jt. Mot. to Approve, 5–6.) In particular, the parties represent that Mr. Foster engaged in extensive communication with Plaintiffs' counsel throughout the litigation. (Fradin Decl., ¶ 17.) Accordingly, the service fee is warranted. *See e.g., Swigart*, 2014 WL 3447947, at *7 (approving a class representative award of $10,000 to two class representatives); *Hiebel v. U.S. Bank Nat'l Ass'n,* No. 2:11-cv-00593, 2014 WL 12591848, at *2 (S.D. Ohio May 21, 2014) (Sargus, J.) (approving a class representative award of $5,000 to each original representative plaintiff).

## IV.  CONCLUSION

For the reasons stated herein, the parties' Amended Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (ECF No. 77) is **GRANTED**. The Proposed Settlement (ECF No. 77-1) is **APPROVED**. In accordance with the terms thereof, this action is **DISMISSED** with prejudice. This

Court shall retain limited jurisdiction to enforce the terms of the Proposed Settlement, which are incorporated herein.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**